EASTERN DIST.

*April*, 1837.

NEW-ORLEANS
BUILDING CO.
*vs.*
LAWSON.

certificate of the notary, duly made according to law.

---

## NEW-ORLEANS BUILDING CO. *vs.* LAWSON.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The payment of money by the president, without an order from the board of directors of a corporation, is *irregularly made*, even when advanced in payment of a just claim, and made on the verbal direction of a majority of the board of directors. But the company cannot recover it back in an action against the president, when it was justly due, and there was no reason for withholding it.

EASTERN DIST.
April, 1837.

NEW-ORLEANS
BUILDING CO.
vs.
LAWSON.

The courts of Louisiana possess equity jurisdiction, and administer law and equity, *pari passu.* So, where the party sued, erred by making an *irregular* payment, the equitable powers of the court will relieve him.

This is an action against the defendant, late president of the New-Orleans Building Company, to recover from him the sum of one thousand dollars, which the plaintiffs allege he received of their funds, and which he refuses to pay over to them.

The defendant denied that he had any funds belonging to the plaintiffs, in his hands; that the sum of one thousand dollars claimed in the petition, he paid as president of the Building Company, to Isaac T. Preston, for professional services rendered said company, on an account formally rendered, and receipted, which the defendant avers he delivered to the new board of directors as a voucher, and is now in their possession.

The facts show that Mr. Preston's bill for his services in defending suits brought against the company, as attorney at law, was reasonable; that Dr. Lawson, president, and two of the directors, approved the account, being three out of five directors, (the whole number,) and it was paid by the defendant, as president, out of the funds of the company, without any formal order of the board.

On this evidence, the district judge gave judgment for the defendant. The plaintiffs appealed.

*Carter,* for the plaintiffs.

*Preston, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiffs complain that the first judge erred, in refusing to them judgment for a sum of one thousand dollars, which the defendant, their former president, received for them. He resisted the claim, on the ground, that he had paid that sum to Preston, the attorney of the plaintiffs, for professional services. This payment, the professional services,

EASTERN DIST.
*April,* 1837.

NEW-ORLEANS
BUILDING CO.
*vs.*
LAWSON.

The payment of money by the president, without an order from the board of directors of a corporation, is *irregularly made,* even when advanced in payment of a just claim, and made on the verbal direction of a majority of the board of directors. But the company cannot recover it back in an action against the president, when it was justly due, and there was no reason for withholding it.

The courts of Louisiana possess equity jurisdiction, and administer law and equity, *pari passu.* So, where the party sued erred, by making an *irregular* payment, the equitable powers of the court will relieve him.

and their value, are admitted; but it is contended, that the payment was made without an order from the board of directors. It is, however, in proof, that it was made on the verbal direction from three directors, this number constituting the majority of the board.

It is clear, that the payment was irregularly made, without an order from the board. The board of directors is the majority of them met at the proper time and place, when and where every member has the opportunity of attending and urging his objections to any resolution offered.

If, therefore, it was shown, that there is any good ground, on which the payment might have been opposed, as that the claims against the company exceeded the cash in its possession, or the like, a different judgment ought to have been rendered; but it is admitted that the sum was really and justly due, and it is not contended that there was any reason for withholding it.

In such of our sister states, in which law and equity are administered in different courts, on judgment being given in a case like the present, against the defendant, he would be entitled to relief in a court of equity.

Our courts possess equity jurisdiction, and administer law and equity *pari passu.*

The defendant erred in making an irregular payment. Courts of Equity relieve against error; he, therefore, is entitled to our aid, as he shows that it may be extended to him without injury to the plaintiffs, who, were they to recover from the defendant, and retain the sum, would enrich themselves at his cost.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.